IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jason Blesedell,

    Plaintiff,

  v.                      Case No. 2:13-cv-451

The Chillicothe Telephone
Company, et al.,

    Defendants.

OPINION AND ORDER

This is an action brought by plaintiff, Jason Blesedell, pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. §185, and Ohio law. In the first count of his complaint, plaintiff alleges that on December 17, 2012, defendant Chillicothe Telephone Company ("Chillicothe Telephone"), his former employer, discharged him without just cause, and that defendants International Brotherhood of Electrical Workers Local 578 ("Local 578") and International Brotherhood of Electrical Workers, International Union ("IBEW") breached their duty of fair representation by failing to pursue his grievance to arbitration. In the second count of the complaint, plaintiff asserts a claim of defamation under Ohio law, alleging that defendant Eric Stevens, an employee of Chillicothe Telephone, made false statements concerning his termination.

This matter is before the court on IBEW's motion to dismiss the complaint against it pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted.

I. Standards under Rule 12(b)(6)

In ruling on a motion to dismiss under Rule 12(b)(6), the

court must construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded allegations in the complaint as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Technologies, Inc., 520 F.3d 516, 519 (6th Cir. 2008); Harbin-Bey v. Rutter, 420 F.3d 571, 575 (6th Cir. 2005).  To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory."  Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.  Id.

While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and must create a reasonable expectation that discovery will reveal evidence to support the claim. Campbell v. PMI Food Equipment Group, Inc., 509 F.3d 776, 780 (6th Cir. 2007).  A complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.  Id.  Determining whether a

complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Where the facts pleaded do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief as required under Fed.R.Civ.P. 8(a)(2). Id.

Plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; see also Ashcroft, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Association of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007).

In evaluating a motion to dismiss, a court generally is limited to the complaint and exhibits attached thereto, and is not permitted to consider matters beyond the complaint. Mediacom Southeast LLC v. BellSouth Telecommunications, Inc., 672 F.3d 396, 399 (6th Cir. 2012); Amini v. Oberlin College, 259 F.3d 493, 502 (6th Cir. 2001). Most materials outside the pleadings may not be considered in ruling on a 12(b)(6) motion to dismiss unless the motion is converted to one for summary judgment under Fed.R.Civ.P. 56. Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999), abrogated on other grounds, Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). However, the court may consider a document or instrument which is attached to the complaint, or which is referred to in the complaint and is central to the plaintiff's claim. See Fed.R.Civ.P. 10(c)("[a] copy of any written instrument which is an

exhibit to a pleading is a part thereof for all purposes."); Rondigo, L.L.C. v. Twp. of Richmond, 641 F.3d 673, 680-81 (6th Cir. 2011). With its motion to dismiss, IBEW has submitted a copy of the labor agreement between Chillicothe Telephone and Local 578. That agreement is referred to in paragraph eight of plaintiff's complaint, and is central to plaintiff's claims. Therefore, the court may consider this agreement in ruling on the motion to dismiss.

II. IBEW's Motion to Dismiss

Plaintiff alleges in his complaint that Local 578 and IBEW had a duty to fairly represent employees of Chillicothe Telephone such as plaintiff who were covered by the terms of the labor agreement. Complaint, ¶ 9. Plaintiff alleges that he was terminated on December 17, 2012, for not performing work on December 4, 2012, and trying to cover up his non-performance. Complaint, ¶ 12. Plaintiff contends that he did in fact perform the work he reported on December 4, 2012. Complaint, ¶ 13. Plaintiff alleges that although Local 578, with the assistance of IBEW, filed a grievance protesting plaintiff's termination, Local 578 and IBEW refused to take the grievance to arbitration, and that this refusal was arbitrary, in bad faith, and discriminatory. Complaint, ¶¶ 14-15. Plaintiff alleges that these defendants failed to interview witnesses or otherwise investigate his termination. Complaint, ¶ 16. Plaintiff contends that the defendants discriminated against him by failing to take his termination to arbitration, as evidenced by the fact that in the past, Local 578 had taken all terminations to arbitration unless the employee requested that arbitration not be pursued. Complaint, ¶ 17. Plaintiff alleges that the

4

defendants acted in bad faith, as demonstrated by Local 578's prohibiting plaintiff from acting as union steward for the Local's members.  Complaint, ¶ 18.

IBEW argues that the complaint fails to state a claim against it for breach of the duty of fair representation because it owes plaintiff no such duty.  IBEW notes that it is not a party to the labor agreement between Chillicothe Telephone and Local 578, and that Local 578, not IBEW, is the exclusive bargaining representative of the Chillicothe Telephone employees represented by Local 578.  See Complaint, ¶ 6 (Local 578 "is the bargaining representative of Plaintiff and other employees of Chillicothe Telephone").

The Labor Agreement between the Chillicothe Telephone Company and IBEW Local 578, effective November 16, 2012, to November 15, 2013, states that it is between Local 578 and Chillicothe Telephone.  Doc. 11-1, Article 1.  The Labor Agreement further states that the "Company hereby recognizes Local Union Number 578 as the exclusive bargaining agency" for employees covered by the agreement.  Doc. 11-1, Article 2.  The Labor Agreement also provides that if a grievance is not resolved in the first three steps of the grievance procedure, "the Union [defined in Article 1 as Local 578] may take it to the final step, arbitration[.]"  Doc. 11-1, Section 8.5, Step 4.

"When a union is selected as exclusive representative of the employees in a bargaining unit, it has a duty under § 9(a) of the National Labor Relations Act to fairly represent them."  Courie v. Alcoa Wheel & Forged Products, 577 F.3d 625, 631 (6th Cir. 2009)(citing Vaca v. Sipes, 386 U.S. 171, 177 (1967)).  A union's

5

duty of fair representation derives from the union's status as the employees' exclusive bargaining representative. Renner v. Ford Motor Co., 516 Fed.Appx. 498, 502-03 (6th Cir. 2013)(citing Driver v. United States Postal Service, Inc., 328 F.3d 863, 868 (6th Cir. 2003)).

"[E]xclusive representation is a necessary prerequisite to a statutory duty to represent fairly." McCormick v. Aircraft Mechanics Fraternal Ass'n, 340 F.3d 642, 645 (8th Cir. 2003). Courts have held that where the international union was not a party to the collective bargaining agreement and was not the plaintiffs' exclusive bargaining representative, it did not owe plaintiffs a duty of fair representation. See Tongay v. Kroger Co., 860 F.2d 298, 299-300 (8th Cir. 1988)(international did not have a duty of fair representation because it was not the exclusive bargaining representative); Sine v. Local No. 992, Int'l Brotherhood of Teamsters, 730 F.2d 964, 966 (4th Cir. 1984)(under §301, suit may be brought only against the parties to the contract; where only local union, not the international union, was a party to the agreement and local union was designated as the exclusive bargaining agent responsible for representing employees in the prosecution of grievances, only the local can be held responsible for breaching duty of fair representation); Lawrence v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, No. 3:98CV7047 (unreported), 2001 WL 243532 at *6 (N.D.Ohio Mar. 12, 2001)(where international union was not the exclusive bargaining representative or a signatory to the agreement, international union owed no duty of fair representation to plaintiff); Beckett v. Anchor Motor Freight, Inc., No. C-1-77-

6

88 (unreported), 1982 WL 2036 at *5-6 (S.D.Ohio Oct. 25, 1982)(union owes a duty of fair representation only when it is the employee's exclusive bargaining representative and only when it is acting in a representative capacity; where local union was named in agreement as sole representative of employees in the processing of grievances and international union was not a party to the agreement, international union was not liable for claim that grievances were processed in an arbitrary or perfunctory manner).

Plaintiff alleges in his complaint that Local 578 "is assisted in its duties as bargaining representative by IBEW" and that Local 578 filed a grievance on his behalf "with the assistance of IBEW[.]" Complaint, ¶¶ 6, 14. However, courts have held that an international union's assistance or collateral involvement in the grievance procedure is not sufficient to impose upon the international union a duty of fair representation. For example, in Tongay, 860 F.2d at 299-300, the court held that where the international union was not the exclusive bargaining representative, the international union did not assume a duty of fair representation by appointing a representative to the grievance committee. In Sine, a lawyer employed by the international union assisted the employees and the local in prosecuting their grievances, and employees of the international union sat on the joint committee that considered grievances before arbitration. The court held that these factors were not sufficient to make the international union a party to the bargaining agreement, to create an agency relationship, or to impose a duty of fair representation on the international union. 730 F.2d at 966 ("Assistance furnished by an employee if the [international union] in prosecuting the

7

grievances through arbitration did not constitute the [international union] a party to the bargaining agreement amenable to suit under §301.").

Common law theories of vicarious liability may apply to render an international union liable for the tortious acts of its local union. See, e.g., Alexander v. Local 496, Laborers' Int'l Union of North America, 177 F.3d 394, 409 (6th Cir. 1999)(international union may be liable for violations of Title VII and 42 U.S.C. §1981 by local union under agency theory if international union instigated, supported, ratified, or encouraged those actions). However, plaintiff has not advanced claims of tortious discrimination in this case. Rather, discrimination is alleged only as a component of plaintiff's contractual claim for alleged breach of the duty of fair representation. See Complaint, ¶ 15 (alleging that the refusal of Local 578 and IBEW to take the discharge grievance to arbitration "was arbitrary, in bad faith and discriminatory"). Even if the complaint is construed as asserting a tort claim, the allegations are insufficient to allege that IBEW somehow mandated, encouraged or condoned illegal discrimination by Local 578. In support of his allegation of discriminatory conduct, plaintiff alleges that Local 578 had taken all grievances to arbitration in the past, including the terminations of two other employees named in the complaint. Complaint, ¶¶ 15, 17. However, he does not allege that the failure of Local 578 and IBEW to take his grievance to arbitration was due to some illegal discriminatory motive such as race, national origin, gender or religion.

Plaintiff also suggests in his memorandum contra that Local 578 may have been acting as an agent of IBEW in failing to take his

grievance to arbitration, thus making IBEW liable for Local 578's breach of the duty of fair representation. In support of his agency theory, plaintiff submitted, for the first time as attachments to his memorandum contra, two e-mails which he received from Local 578. The first e-mail, dated January 31, 2013, from Dave Morgan, Business Manager and President of Local 578, to plaintiff, states:

> After contacting the IBEW in Washington, our local found out that the letter from the State of Ohio concerning your unemployment would not be allowed to be presented as eviden[ce] in your defense in arbitration. Also, when you factor in all the other incidents for example[:] customer complaints, public complaints, co-worker issues, taped conversations, and doubt about altering a trouble ticket we strongly believe we lose if the case goes to arbitration. The Union does not wish to discuss this matter any further.

The second e-mail from Dave Morgan to plaintiff, dated February 18, 2013, states:

> In summary, after contacting the IBEW in Washington, and explaining your termination with them they concluded that the Union could not win in arbitration. Also, the IBEW International Representative assigned to IBEW Local 578 also advised [L]ocal 578 not to take your case to arbitration. Local 578's grievance committee also decided your case could not be won in arbitration. These decisions were made based on a totality of all the evidence we examined during our investigation for example customer complaints, public complaints, co-worker issues, taped conversations, and doubt about altering trouble tickets. The Union went through three steps of the grievance process and asking for your job back at each meeting, including last chance agreements. Consequently, the Company would not give you your job back. With all this being said, the Union has closed this file and sees no reason to open it at this time.

This e-mail correspondence constitutes matters outside the pleadings which may not be considered by this court in ruling on a

motion to dismiss. Even if the court were to consider these e-mails, plaintiff has failed to allege facts sufficient to hold IBEW liable under an agency theory.

There is no agency relationship between an international and local union as a matter of law. Moore v. Local Union 569 of Int'l Brotherhood of Electrical Workers, 989 F.2d 1534, 1543 (9th Cir. 1993). The fact that IBEW provided assistance to Local 578 is not sufficient to establish an agency relationship. See Sine, 730 F.2d at 966 (fact that lawyer employed by international union assisted local union in the discharge of local's duty of fair representation did not create an agency relationship which would make the parent union liable for alleged violations of local's contractual responsibilities).

Plaintiff has produced no authority for the proposition that an agency theory would be applicable in this case, where Local 578 is alleged to be plaintiff's bargaining representative. Complaint, ¶ 6. As the Fourth Circuit noted in Sine, an international union "is not liable under §301 for its failure to prevent the local from breaching the local's contractual responsibilities." Sine, 730 F.2d at 966 (citing Carbon Fuel Co. v. United Mine Workers of America, 444 U.S. 212, 216-18 (1979)). The complaint and the collective bargaining agreement indicate that Local 578, not IBEW, is a party to the labor agreement and the exclusive bargaining representative charged with implementation of the grievance procedure under the labor agreement. Local 578 is the principal actor in the grievance process. In such a case, an international union's duty of fair representation has been recognized only where the plaintiffs alleged facts indicating that the international

union contractually assumed or functionally usurped the role of the local union as exclusive bargaining representative.  See, e.g., Tomlison v. Kroger Co., C2-03-706 (unreported), 2006 WL 2850523 at *4 (S.D.Ohio Sept. 29, 2006)(denying summary judgment where evidence was presented that international union contractually undertook the grievance-prosecution duties of the local union); Bellamy v. Roadway Express, Inc., 668 F.Supp. 615, 623 (N.D.Ohio 1987)(holding that fair representation action could be maintained against international union in light of allegations that international union had usurped bargaining powers of local union and was in reality, if not in name, the exclusive bargaining representative for plaintiffs).

   The complaint in this case contains no facts indicating that IBEW assumed or usurped Local 578's role as exclusive bargaining representative.  There is also no language in the e-mails submitted by plaintiff which would reasonably lead to an inference that IBEW compelled Local 578 not to pursue arbitration or usurped Local 578's decision-making authority in that regard.

   Because the complaint fails to allege facts sufficient to show that IBEW owes a duty of fair representation to plaintiff, IBEW's motion to dismiss is well taken.

III. Conclusion

   In accordance with the foregoing, the motion to dismiss filed by the International Brotherhood of Electrical Workers, International Union (Doc. 11) is granted.


Date: November 19, 2013         s/James L. Graham
                                James L. Graham
                                United States District Judge